NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued May 12, 2006
Decided May 2, 2007

**Before**

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

No. 05-4263

| | |
|---|---|
| AUTOMATED SOLUTIONS CORP., | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Northern District |
| | of Illinois, Eastern Division. |
| *v.* | |
| | No. 05 C 4429 |
| PARAGON DATA SYSTEMS, INC., | |
| *Defendant-Appellant.* | Elaine E. Bucklo, |
| | *Judge.* |

## O R D E R

The parties are before the court on an appeal of a decision by the district court to quash a subpoena. We remanded the case to the district court so that the court could provide an explanation for her decision in accordance with Circuit Rule 50. The district court provided an explanation on September 28, 2006. We invited the parties to submit supplemental briefs.

The parties have been engaged in two lawsuits in Ohio for a number of years. In *Automated Solutions Corp. v. Paragon Data Sys., Inc.*, 856 N.E.2d 1008 (Oh. Ct. App. 2006), the Ohio Court of Appeals affirmed the state trial court's judgment in favor of Automated Solutions Corp. (ASC) on questions of breach of contract and ownership of the software at issue in that case. The Ohio Supreme Court declined to hear an appeal

of that decision. *Automated Solutions Corp. v. Paragon Data Sys., Inc.*, 858 N.E.2d 818 (Oh. 2006). While the state court action was pending, the parties found themselves in the United States District Court for the Northern District of Ohio, arguing questions of copyright. Pursuant to that federal case, Paragon sought to subpoena from the Chicago Tribune Company any software sold or provided by ASC and any documents in the Tribune's possession related to that software. ASC moved the district court to quash the subpoena and issue a protective order. The district court granted ASC's motion on October 7, 2005, and has since explained her reasoning as follows:

> I concluded that the subpoena sought documents that did not bear a reasonable nexus to the lawsuit brought by Automated against Paragon in Ohio. The software sold by Automated to the Tribune is not an issue in the case. The case concerns the allegations that certain software sold by Paragon was improperly copied and sold from Automated. Paragon's defense is that it independently developed the software that it was selling. In response to the motion to quash, Paragon claimed that the Tribune might have a copy of the original copyrighted version of the software at issue, as well as documents related to the work's development. It did not explain how such documents could be at all relevant to the lawsuit, and I concluded they were not. In addition, the copyrighted version of the software is publicly available.

We review the district court's decision to quash a subpoena for abuse of discretion. *Todd v. Merrell Dow Pharm., Inc.*, 942 F.2d 1173, 1178 (7th Cir. 1991). A district court's order limiting discovery constitutes an abuse of discretion only where: the record contains no evidence upon which the court could have rationally based its decision, the decision is based on an erroneous conclusion of law, the decision is based on clearly erroneous factual findings, or the decision appears completely arbitrary. *Stagman v. Ryan*, 176 F.3d 986, 993-94 (7th Cir. 1999). Paragon argues that the district court's decision was unsupported by any evidence, was based on an incorrect conclusion of law, and was arbitrary. We disagree.

The Ohio federal lawsuit involves a claim of copyright infringement by ASC against Paragon. Paragon has counterclaimed against ASC alleging that it has independently developed another software program, distinct from the one that the Ohio state courts have ruled belongs exclusively to ASC, and that ASC has committed a number of common law torts by informing people that Paragon copied ASC's software. The district court had before it the complaint, answer, and counterclaims from the Ohio federal lawsuit. It also had before it excerpts of the state proceedings and the copies of the subpoenas that Paragon sought to serve on the Tribune.

The district court noted that the record shows that the competing software programs that are the subject of the litigation are publicly available. Like the district court, we are at a loss to see how the Tribune's software could possibly be relevant to

this lawsuit. *See* Fed. R. Civ P. 26(b)(1) (limiting discovery to "any matter, not privileged, that is relevant to the claim or defense of any party . . . [but] need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."). Paragon does not claim that the Tribune is in possession of any software that Paragon independently developed. The question of the ownership of the software in use by the Tribune was decided by the Ohio state courts. Nor does Paragon claim that the Tribune is in possession of any software that ASC might have illegally derived from Paragon's independently developed software. Given that the record contained ample evidence of the scope of the Ohio lawsuits, the district court's entry of September 28, 2006 makes it clear that the court correctly considered the evidence about the scope of the lawsuit, the items sought from the Tribune, and the nexus between the two. There was adequate evidence in the record to support the district court's decision.

Because the district court's decision is supported by evidence in the record, did not make any erroneous conclusions of law, and was not arbitrary, we AFFIRM the decision of the district court to quash the subpoena.